**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **No. 17-cr-089 (RJL)** |
| | ) | |
| **Clark Calloway Jr.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## SENTENCING MEMORANDUM FOR HEARING ON VIOLATION

Mr. Clark Calloway will appear before the Court on February 25, 2026, for a sentencing hearing on violation of the conditions of his supervised release. Mr. Calloway will be prepared to concede that he is in violation of his supervised release and will ask the Court not to revoke his supervision but rather to continue him on his current period of supervision, which is set to expire on April 20, 2026.

### I.    Background.

United States Probation filed petitions on supervised release on February 11, 2025 and April 10, 2025. ECF No. 103, 107. Mr. Calloway appeared for his first hearing on these petitions on April 10, 2025. At this hearing, the parties jointly requested that Mr. Calloway's hearing be continued for his progress, with the added condition that he be prohibited

from using all social media platforms. The hearing on supervised release was continued to April 24, 2025. Shortly thereafter, the parties moved the Court to continue the matter again for Mr. Calloway's further compliance and progress on his conditions. This request was granted and the Court continued the matter to June 26, 2025.

Because of Mr. Calloway's continued compliance, the Court again, at the parties' request, vacated the hearing on June 26, 2025. Mr. Calloway will be before the Court on February 25, 2026, for a final sentencing hearing.

## II.    Argument

Mr. Calloway respectfully requests that the Court consider his progress and compliance in the past year and allow him to continue the rest of his period of supervision without any revocation. This is Mr. Calloway's first violation of his supervised release which he began on April 21, 2023. He was originally sentenced to 84 months' imprisonment followed by 36 months' supervised release. Since he has been on supervised release, Mr. Calloway has obtained steady employment and steady housing. He has also completed 12 months of home detention successfully as well as mental health treatment. Lastly, he has consistently tested negative for illicit drugs.

Given the fact that Mr. Calloway served 7 years of incarceration, his return to the community presented many challenges and he had to overcome several obstacles to achieve employment and housing. When Mr. Calloway was released after spending several months at a halfway house, he was first ordered to complete 12 months' home detention. During this time, he began working with a company called Second Chance, Inc. After successful completion of his home confinement, Mr. Calloway entered and completed a Reentry Housing Program for Returning Citizens called Jubilee House. While he was there is when he found employment with his current employer, Positive Construction Solutions. He has been employed with them since September 2023 and is a valued employee. After leaving the Jubilee House, Mr. Calloway secured Veterans housing.

Mr. Calloway was recently able to obtain a Veteran's voucher that is very rare to obtain. With this voucher, he was able to secure his own apartment. This means that he will have this voucher for as long as he follows the rules and regulations provided for that voucher and will have steady housing indefinitely. This is an enormous accomplishment and will ensure that his success only grows.

For an entire year, since the filing of probation's petition, Mr.

Calloway has not had any similar issues as outlined in that petition. He has benefitted from refraining from social media which was a negative influence in his life. He has been focused on working and maintaining stability in his life. A period of incarceration would only serve as a step backwards and would compromise his stability and his voucher he worked so hard to obtain.

The entire point of supervised release is "to assist individuals in their transition to community life," particularly "after the service of a long prison term for a particularly serious offense." *Johnson v. U.S.*, 529 U.S. 694,  709 (quoting S. Rep. No. 98-225 p. 124 (1983)); *see also id.* ("Supervised release fulfills rehabilitative ends, distinct from those served by incarceration."). Therefore, the Court and Probation's intervention and assistance this past year has proved to serve the true intention of supervised release, and that is Mr. Calloway's rehabilitation. The fact that he has been honest and continues to earnestly seek rehabilitation has made Mr. Calloway successful in this past year. Notably, Mr. Calloway is also not here based on a new law violation.

For the foregoing reasons, Mr. Calloway respectfully requests that the Court accept his admission to violating his conditions of release but not to revoke him and allow him to continue the rest of his supervision

set to expire in just a couple months.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Maria N. Jacob
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500
Maria_jacob@fd.org